UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

EDGAR SOTO FERNANDEZ,

                Petitioner,

    v.                                                Case No. 26-cv-0910-bhl

SAM OLSON, et al,

                Respondents.

## RULE 4 SCREENING ORDER

Edgar Soto Fernandez, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition. As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing §2254 Cases.

## BACKGROUND

According to the petition, Soto Fernandez is a citizen of Mexico who entered the country without inspection and has resided in the United States for the past twenty years. (ECF No. 1 ¶¶2–3, 16, 39.) He was detained by ICE on May 13, 2026. (*Id.* ¶40.) He has been detained at the Dodge County Jail since his arrest. (*Id.* ¶¶16, 40.)

Although Soto Fernandez believes he is entitled to bond, he has not requested a bond determination, believing it to be futile. (*Id.* ¶4.) This is because, on July 8, 2025, ICE adopted new "Interim Guidance" reflecting a change in the agency's interpretation of the law governing the release of noncitizens on bond. (*Id.* ¶¶29–30.) ICE now takes the position that under 8 U.S.C. §1226, only noncitizens who are already admitted to the United States are eligible to be released from custody during their removal proceedings, while all others are subject to mandatory detention under 8 U.S.C. §1225. (*Id.* ¶¶29, 32.) On September 5, 2025, the Board of Immigration Appeals

issued a decision adopting this position, holding that an immigration judge has no authority to consider bond requests for any person who entered the United States without admission and that such individuals are subject to mandatory detention under 8 U.S.C. §1225(b)(2)(A). (*Id.* ¶31 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)).)

## ANALYSIS

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241 as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

The petition asserts two grounds for relief. First, Soto Fernandez contends that his continued detention under ICE's new "Interim Guidance" violates the plain language of the Immigration and Nationality Act and is contrary to decades of agency practice applying Section 1226(a) to noncitizens like Petitioner. (ECF No. 1 ¶¶45–47.) Second, he argues that his detention without a bond determination violates his due process rights. (*Id.* ¶¶48–51.) Soto Fernandez seeks an order prohibiting ICE from transferring him outside of the State of Wisconsin and a writ of habeas corpus requiring that he be released unless Respondents promptly[1] provide a bond hearing under Section 1226(a). (*Id.* ¶8.)

Based on his petition, the Court cannot conclude that Soto Fernandez is plainly not entitled to relief. Under 28 U.S.C. §2243:

> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed. The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.

Accordingly, the Court will order Respondents to respond to the petition within three days of service. For good cause, the Court may grant Respondents a *short* extension if requested and properly supported.

---

[1] Although the allegations include a request that a bond hearing be held within fourteen days, (ECF No. 1 ¶8), under the "Prayer for Relief," Soto Fernandez requests that a bond hearing be held within three days, (*id.* at 13). It is unclear which one he intends for his requested relief.

**CONCLUSION**

**IT IS HEREBY ORDERED** that the Clerk of the Court shall promptly serve a copy of the petition and this order upon Respondent Dale Schmidt, Sheriff of the Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon Samuel Olson, Field Office Director, Chicago Field Office, Immigration and Customs Enforcement and the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days from service of this Order.

Dated at Milwaukee, Wisconsin on May 27, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge